IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00757-BNB

ERIC HUMES,

    Applicant,

v.

WARDEN MIKE ARELLANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER TO DRAW IN PART AND TO DISMISS IN PART

_____

Applicant Eric Humes is a prisoner in the custody of the Colorado Department of
Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr.
Humes initiated this action by submitting to the Court a *pro se* Application for a Writ of
Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Humes is challenging the validity of
his conviction and sentence in Case No. 04CR88, in the Denver County District Court.

In an order filed on May 1, 2009, Magistrate Judge Boyd N. Boland directed
Respondents to file a Pre-Answer Response addressing the affirmative defenses of
timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28
U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.
On June 2, 2009, Respondents filed a Pre-Answer Response. Mr. Humes did not reply
to the Pre-Answer Response.

The Court must construe liberally the Application filed by Mr. Humes because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Humes was convicted by a jury of one count of attempted first degree murder, one count of second degree assault, one count of menacing, and one count of third degree assault and was sentenced to life in prison for first degree murder, seventy-two years for attempted first degree murder, nine years for menacing, and eighteen months for third degree assault, all of which are consecutive sentences. On May 30, 2008, the Colorado Supreme Court denied Mr. Humes' petition for writ of certiorari on direct appeal. (Answer, App. A at 11.)

Mr. Humes also filed a Colo. R. Crim. P. 35(a) postconviction motion on May 18, 2006, that was denied by the trial court on July 5, 2006, and a Colo. R. Crim. P. 35(b) postconviction motion on July 21, 2008, that was denied by the trial court on July 22, 2008. (Answer, App. A at 11-12.) Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Humes asserts nine claims for relief as follows:

> (1) Prosecutor's abuse of grand jury procedure in violation of his due process rights;
>
> (2) Trial court refusal to instruct jury on affirmative defense in violation of his due process rights;

2

(3)  Trial court refusal to inform jury of parole eligibility in violation of his due process rights;

(4)  Trial court failure to grant challenge for cause, resulting in denial of his right to a fair and impartial jury;

(5)  Trial court denial of his right to confrontation by admitting a police report as prior consistent statement;

(6)  Trial court denial of his right to confrontation in refusing to allow adequate cross-examination;

(7)  Trial court denial of a motion for mistrial violating his right to a fair trial;

(8)  Prosecutorial statements during closing argument in violation of his due process rights;

(9)  Trial court violation of his Sixth Amendment rights in imposing an enhanced sentence based on habitual criminal finding.

Respondents contend that all claims except Claim Seven are exhausted. Respondents argue Mr. Humes failed to present the claim to the state courts as a federal constitutional question because he relied only on Colorado case law in presenting this claim. (Answer at 6.)  Respondents further argue that Mr. Humes did not indicate the federal law basis for his claim, nor did he label the claim "federal." (Answer at 6.)  Respondents conclude that the claim now is procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VII) the claim would be rejected as successive and an abuse of the process. (Answer at 7.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

3

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

      Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

      Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

      "Generally speaking, [the court] do[es] not address issues that have been

defaulted in state court on an independent and adequate state procedural ground,

unless the petitioner can demonstrate cause and prejudice or a fundamental

4

miscarriage of justice." **Cummings v. Sirmons**, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  Mr. Humes's **pro se** status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  **See Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default.  **Jackson v. Shanks**, 143 F.3d 1313, 1319 (10th Cir. 1998).  An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  **Murray v. Carrier**, 477 U.S. 478, 488-89 (1986).  A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception.  **See Bousley v. United States**, 523 U.S. 614, 622 (1998).

Upon review of the opening brief in Mr. Humes' direct appeal in state court (Answer, App. B at 49-53), the Court finds that Mr. Humes did not raise the mistrial claim as a federal issue.  Mr. Humes did not assert the exact constitutional injury in state court for Claim Seven like he did for the other eight claims that he raises in the instant action.  Furthermore, in addressing Claim Seven, the Colorado Court of Appeals did not address Claim Seven in terms of a federal constitutional claim, but relied only on Colorado law.

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  **See** Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions are not applicable to Claim Seven.  **Id.**  Mr. Humes has procedurally

5

defaulted Claim Seven in state court.  He also has failed to show cause for the default

and actual prejudice as a result of the alleged violation of federal law or demonstrate

that the failure to consider his claim will result in a fundamental miscarriage of justice.

Claim Seven, therefore, is procedurally barred from federal habeas review.

Accordingly, it is

ORDERED that Claim Seven is dismissed for the reasons stated in this

Order.  It is

FURTHER ORDERED that Claims One through Six, Eight, and Nine shall be

drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _31_ day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00757-BNB

Eric Humes
Prisoner No.  119468
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Chistopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/31/09

                                GREGORY C. LANGHAM, CLERK

                        By: _____
                                        Deputy Clerk